Davis, J.
It is almost an axiom that anything which is reasonable and necessary to secure the peace, safety, morals and best interests of the commonwealth may be done tinder the police power; and this implies that private rights exist, subject to the public welfare. These principles are plainly recognized in Article XIY, Section 1, of the Constitution of the United States, and Article I, Section 19, of the Constitution of Ohio. The federal constitution provides: “That no state shall deprive any person of life, liberty or property without due process of law.” Of course, the converse is Understood, that- any state may deprive a person *217 of life, liberty or property in the due process of law. That which is due process of law is so well defined in numerous decisions, both state and federal, that we need not discuss it here. The constitution of this state provides that “private property shall be held inviolate, but subservient to the public welfare.”
Therefore, the general power of the legislature to determine what is necessary for the protection of the public interests being clear, judicial inquiry is necessarily limited to determining whether a particular regulation is reasonable, impartial and within the limitations of the constitution. The legislature is the judge of the mischief and the remedy, and of what shall be state policy, subject to the restrictions just mentioned.
The business of dealing in second-hand articles and junk is one which is peculiarly liable to abuse; and, whether honestly conducted or not, experience has shown that stolen or lost property frequently finds its way to the junk dealer, through the agency of the persons who have unlawfully appropriated it. In view of the fact that it frequently happens that individuals seeking to reclaim their property are suddenly stopped and forever baffled at the door of the junk dealer’s shop, the requirements complained of here seem to us to be very fair and moderate.
We do not think it worth the time it would take to distinguish or explain the cases to which we have been referred by the plaintiff in error. Not one of them reaches the point in contention raised by the plaintiff in error here. Some of them are strongly against him. We find no infirmity in the *218 statute, either in violation of the constitution or in other respects, and the judgment below is

Affirmed.

Spiauck, C. J., Price, Crew, Summers and Spear, JJ., concur.